# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDREW DAVID WETZEL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-7139** |
| **RODNEY JACK STRAIN, JR., ET AL.** | **SECTION: "S"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Andrew David Wetzel, a state prisoner and frequent litigant in this Court,[1] filed this *pro se* complaint. In this lawsuit, plaintiff has sued Sheriff Rodney Jack Strain, Jr., Warden Gregory Longino, Dr. R.D. Inglese, and Deputy Comeaux. This time, plaintiff challenges the quality of his medical care at the St. Tammany Parish Jail.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[1] For example, in 2009 alone, plaintiff has filed at least *eight* federal lawsuits.

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the Court finds that, for the following reasons, the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

In the complaint, plaintiff states his claim as follows:

Sheriff Strain along with Warden Longino oversee the Jail. Dr. Inglese oversees medical withend the Jail. Deputy Comeaux is hired for security withend Medical. She is an unliecsed nurse who on several dates has does wound care on my hip as well as draw blood and done other nurse only duites. While working on my hip she has caused more injury and pain. Because of her I will now walk with a small limp. I have wrote the Dept of Health and Hosptial as well as the Jail. But they did nothing to put a stop to her working without a liecense.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Therefore, the United States Fifth Circuit Court of Appeals has noted:

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (emphasis added) (quotation marks omitted).

In the instant case, plaintiff's allegations are insufficient to state a federal claim. A prisoner's federal constitutional right to medical care is infringed only if his serious medical needs are met with deliberate indifference on the part of penal authorities. See, e.g., Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). Even if the Court were to assume that plaintiff's medical needs were serious ones, a fact which is by no means evident from the complaint, plaintiff still cannot show the deliberate indifference necessary to support a federal claim. In this case, plaintiff does not allege that his medical needs were ignored or that he was denied care; rather, he alleges merely that the medical care provided was substandard. That, at best, would state only a negligence or malpractice claim, and it is clear that allegations of negligence or malpractice alone are never sufficient to state a federal claim. Hall v. Thomas, 190 F.3d 693, 697 (5th Cir. 1999). Rather, such claims are state law claims, and the proper forum to assert such claims is *state* court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976)

To the extent that plaintiff desires to assert his state law claims in this federal court, he should not be allowed to do so. When a plaintiff's federal claims are dismissed, it is appropriate for the federal court to decline to exercise supplemental jurisdiction over his state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see

4

also Bass, 180 F.3d at 246 ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal claims be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifth day of November, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**